Karen Manos of Gibson, Dun & Crutcher, on behalf of the Appellant, Raytheon Company. Your Honors, we seek the reversal of one aspect of the Armed Services Board of Contract Appeals decision below, and that is the portion of the decision that held that the applicable portion of the salary costs of Raytheon employees who participate in unallowable lobbying activities is expressly unallowable under a cost principle in the FAR or an agency supplement to the FAR that defines the allowability of specific selected costs and is therefore subject to This appeal presents a very straightforward question of regulatory and statutory interpretation. So, I mean, how could personnel time, which is what virtually all of lobbying is, be something other than a cost associated with lobbying? Your Honor, the Federal Acquisition Regulation cost principle covers both lobbying and political activity costs. And so if you read the different categories of the unallowable activities, many of them have nothing to do with what you would think of as lobbying. It's campaign finance. It could be things like paying money to a political action committee. It could be having paid advertisements on TV. And the actual employees who engaged in these activities, the record, the unallowable portion of their time was approximately 25 percent of their time. So the other 75 percent is allowable. And compensation costs under the Federal Acquisition Regulation Are you saying it would be different if they spent 100 percent of their time on lobbying? Your Honor, the cost would still be unallowable. They just would not be expressly unallowable. And that's Even if it was 100 percent? Even if it's 100 percent, Your Honor. And that's in, again, I think it's a very straightforward question of regulatory and statutory interpretation. And the government's brief conflates these two issues and suggests that maybe these costs are allowable. That's not the argument here. And the underlying statute actually draws this distinction very clearly at 10 U.S.C. 2324. In paragraphs A and B, if you read those two statutes, costs that violate a cost principle are unallowable, just plain old unallowable. Paragraph B, then, talks about costs that are expressly unallowable under a subset of the cost principles that are referred to in paragraph A. In your view, what costs are expressly unallowable in connection with lobbying? Your Honor, there may not be any costs that are expressly unallowable under the cost principle. And that's the critical point in this case. Not every cost that violates a Federal Acquisition Regulation cost principle is, quote, expressly unallowable. And that term is very specifically defined in 31001. And that is, to be expressly unallowable, it needs to be a particular item or type of cost that is under which an express provision of the applicable law, regulation, or contract is specifically named and stated to be unallowable. And so for salary or compensation to be expressly unallowable, it would need to be specifically named or stated. So you're saying there's no lobbying activity is expressly unallowable? Your Honor, if you had something, maybe in the campaign finance, in that, if you go through 31205-22, where it specifically lists that, we would say that is a particular item or type of cost, if you make a campaign contribution. Yeah, but I'm just talking about lobbying, straightforward lobbying, where an employee sits in a Senator's office and makes a pitch for something. Your Honor, to begin with, not every person who sits in a Senator's office and makes a pitch is considered unallowable lobbying under that cost principle. The activities that are listed are very specific. And for example, there are, it needs to be in furtherance of prospective legislation. So if it's one of the oversight parts of what Congress does, and you're in the Senator's office talking about that, that's not an, that's not even unallowable under the cost principle, let alone expressly unallowable. But I think the critical point here is that the Federal Acquisition Regulation defines expressly unallowable. And then within the statute, and within the 42... So the bottom line is, you can't identify any lobbying costs which are expressly unallowable under the regulation? Your Honor, I could, but it would be something like campaign finance. It would not be an applicable, you know, just the portion of an employee's salary cost that is expressly unallowable and unallowable lobbying costs. That's not expressly unallowable. Because costs associated with lobbying could be any number of different types of costs. And none of them are a particular item or type of cost that is specifically named and stated to be unallowable. And the Board recognized that too. And following its earlier decision by a different panel, the Board recognized that FAR 31205-22 does not specifically name or state salary or compensation. But then what the Board did, and this is the error, is that the Board relied on a combination of FAR 31201-6, which is accounting for unallowable costs, and the Lobbying and Political Activity Costs Principle 31205-22. And so based on that combination, the costs are expressly unallowable. But that's clear error for two independent reasons. First, the Board is incorrectly treating directly associated costs as if they were expressly unallowable costs. And the terms directly associated costs and expressly unallowable costs are both specifically defined in the FAR, and they're defined differently. A directly associated cost is one that is any cost that's generated solely as a result of the incurrence of another cost and which would not have been incurred had the other cost not been incurred. Both this Court and the U.S. Supreme Court have held when a statute or regulation defines things differently, they each have to be given their own unique, different definition. The Board didn't do that here. Directly associated costs are also different in kind from expressly unallowable costs. As the Cost Accounting Standards Board recognized, expressly unallowable costs are unallowable by nature, alcoholic beverages, for example, whereas directly associated costs are only primary costs or generally allowable, but there may be a portion of it that is unallowable. The other... You don't give any significance, do you, to the phrase that this whole, that the lobbying provision opens with, that is, costs associated with. It doesn't just say lobbying activities are unallowable, it says costs associated with them. So I guess back to my first question, how could personnel costs for essentially human activity of lobbying activities not be expressly included, even if it's not expressly included in lobbying activities, how is it not expressly included in costs associated with lobbying activities? Your Honor, because the definition of expressly unallowable says that the particular item or type of cost, costs associated with any activity, is a whole gamut of different types of costs. So it could easily be unallowable, but it's not expressly unallowable. Because it's too generic? Exactly, Your Honor, it's a category. It's not a particular item or type of cost that is specifically named. It's a category. How specific do they have to be? Your Honor, they're very specific in certain types of the other cost principles. For example, alcoholic beverages, specifically named and stated to be unallowable. Interest, specifically named and stated to be unallowable. But how do we know that alcoholic beverages includes beer and wine and hard liquor? Maybe it's alcoholic beverages, it's just not specific enough. Your Honor, actually there's a board case that addresses that, and they said that around the edges maybe you could, I don't know if you've ever lived in Colorado like I did as a college kid. Well then you'd go beyond the edges. They actually do say that you might have an argument about whether 3-2 beer, for example, is alcoholic. But beyond that, it was kind of the paramagnetic case of this being something that is specifically named and stated to be unallowable. And with lobbying costs, it's not. Again, there might be something like a campaign contribution that's specifically named and stated. The other mistake, the clear error of law, we believe with the board's decision is not only did it treat directly associated costs as being the same thing as expressly unallowable costs, but it treats 31-201-6 as being a cost principle in the FAR that defines the allowability of specific selected costs. And this board in the Boeing North America versus Roche case actually recognized the organizational structure of FAR Part 31. There are five subsections in FAR Part 31. Two of them are important here. The first is 31-201, the section the board is relying on that's entitled general, and it contains general principles that govern all types of costs. And so a cost that violates one of those general principles may well be unallowable. And in fact, that's exactly what 10 U.S.C. 23-24A is talking about. But then in the second part, 31-205, which is entitled selected costs, which contains 46 subsections that are commonly referred to as the cost principle that define the allowability of specific selected costs. And that's exactly the subset that's being talked about. Why doesn't that way of viewing what's going on in 205 answer for our purposes the relevant question, the question of relevant specificity? Each of those items is specific enough. And you don't have to go so that the fact that one of them, 22, says costs associated with lobbying activities is specific enough. Your Honor, no court has ever held, and I think it would be a terribly bad decision for this court to hold, that every single one of those cost principles makes costs expressly unallowable. That was not ever the intent. That's not the way they've ever been interpreted. Within those 46 subsection, there are certain cost principles that make costs expressly unallowable. This is not one of them. And there are examples. But I guess, how do we know that without making, how do we make a judgment about the required level of specificity or generality as its opposite as? Your Honor, I think it would be by looking at the actual regulatory definition. Particular item or type of cost. So that's particular to begin with. And then it has to be specifically named. So you have to be specifically naming that particular item or type of cost. How do we decide whether lobbying activities or, yes, lobbying activities is or is not specifically named a specific type, to use your words? Your Honor, the type of cost at issue here is not, quote, lobbying activities. The type of cost we're talking about is a portion of somebody, a salaried employee's portion of his or her time. But why isn't that a lobbying activity? Your Honor, the, what the cost principle is disallowing. The employee, the employee lobbied, you agree that it's an unallowable cost, but you say it's not specific enough to invoke the penalty. Your Honor, the costs associated with those lobbying activities, the costs associated that we're talking about is a portion of an employee's time. Salaried employees. The, it doesn't really even very well fit within the directly associated cost category because the salaries were not incurred only because these people performed some activities that were unallowable. And it would have been incurred anyway. They were salaried employees. So 25% of their time is spent doing something that's generating unallowable costs. And what the 31-201-6E says is for salary costs, you look at the portion of the person's time that's spent doing the unallowable activities. And if that's material in amount, then it's considered directly associated. So it's not even all of these. If they had only spent 1% of their time doing something unallowable, that wouldn't even be a directly associated cost. It would not even be unallowable, period. You would not have to disallow it. And so that's the mistake that the board is making. It's treating this, first of all, the board decides this is a directly associated cost. And then the board says under this combination of something that's not a specific cost principle, and it's not an expressly allowable cost, combining them together, then it's subject to penalty. So it's just a completely wrong interpretation of the regulation. You want to save the rest of your time and do your roll? Yes, Your Honor. May it please the Court. Raytheon agrees that it had to purge the lobbying salary costs from its cost pool. Raytheon's lobbyists completed timesheets, and they indicated on the timesheets the number of hours, the number of man-hours each day that were unallowable lobbying costs. There's not an issue here as to the time spent on lobbying was immaterial. That's correct. And there's no dispute that the time that was spent on the lobbying activity was an unallowed time. That's also correct. So the only question is whether it's expressly unallowed. That is correct, Your Honor. And that's why they use this ratio to drive out the lobbying salary costs. What do you understand expressly to me? How are we supposed to determine which are express and which aren't? But what we have said is that the ultimate question is whether there's clear regulatory guidance or whether there is a reasonable difference of opinion as to whether the cost is unallowable. And that's brought out in the general dynamics opinion of the board and also followed in this case. And the board found in this case that there was no reasonable difference of opinion. And it cited the evidence in the record of this case. For example, the policies of Raytheon stated that the unallowable activity costs, quote, include the applicable portion of salaries of employees and fees of individuals engaged in lobbying activity on behalf of Raytheon. And then the board also cited the testimony from Raytheon's senior manager. And he was asked, what are the costs associated with the employees performing the unallowable activities? Suppose there had been a reasonable debate. Excuse me? Suppose there had been a reasonable debate about the percentage of time that a particular employee had spent lobbying. Would that mean that it wasn't expressly identified? No, because it is very clear when you look at 31.205-22, all of those activities are specified in the standard. And then the standard, the language is very clear. But when you say reasonably subject to dispute, you mean legally rather than factually? I think it's a mixed question. Well, then why isn't it, if it's, in my example, why isn't that, since as a factual matter, it's reasonably subject to dispute. Let's say that the particular employee spent time on lobbying. If the, why doesn't that mean that you can't impose a penalty? Well, I think it's a mixed question because one always looks at the record in a case. But here, the record is very, very... I'm trying to figure out what our standard should be. In terms of whether... For us to say it's a mixed question doesn't provide a lot of guidance. What... I understand, Your Honor. The standard should be, first of all, whether there's a reasonable difference of opinion as to whether a cost is unallowable, whether the regulatory guidance is clear. And we differ with Raytheon, who is contending that the word salary or the word compensation has to be included in this cost principle in order for the lobbying salary cost, the labor cost, to be expressly unallowable. It's our contention that the court should use an ordinary understanding, an ordinary meaning of the word name, that it's enough if the cost principle fixes the meaning of the cost as being unallowable. And we would contend that in this case, the very simplicity of this regulation, the fact that it sets out all of these activities as being unallowable activities, and it says that all of the costs associated with those activities are unallowable. And then in paragraph C, it says that all of these costs have to be set out separately and purged from the cost pool. It's not whether they're material or not, it's whether they are those type of costs. And if there are those type of costs, all of them have to be purged out of the cost pool. And the very simplicity of this regulation makes it very, very clear that the lobbying salary costs are unallowable. As Your Honor pointed out, these are activities, and these activities are performed by the Raytheon employees. And they're paid to perform these activities. There's a labor cost of these activities. And what is the labor cost? They're not working for free. They're paid a salary, and some portion of that salary is for those unallowable lobbying man hours that they're tracking in their timesheets. Now, so we think that the standard here that the court should use the ordinary meaning of the verb to mean that is the cost unallowability fixed by the language of the cost principle. And in this case, it is incredibly clear, and they knew it. And they were trying to drive out these unallowable salary costs. They just did it in a negligent manner without the exercise of due care. Now, alternatively, the court could sidestep the question because it's very clear that the word salary is contained in another cost principle, which the board read together with 31.205-22. It read together that provision with also 31.201-6E2, which contains the word salary. Salary of employees. So there, if the noun, if you have to identify a cost item by a noun, it's there. You can't miss it. We think you couldn't miss it in the first place because the language is very, very simple and very, very clear in 31.205-22. But alternatively, the court can affirm based on the ruling of the board, the rationale of the board. No error has been demonstrated in Raytheon's arguments. First of all, in terms of their arguments where they try to distinguish a directly associated cost from a expressly unallowable cost, I would point out that in their opening brief at pages 16 to 7, they concede that directly associated costs can also be expressly unallowable costs. And they offer three examples. The three examples they point to being FAR 31.205-3, 31.205-14, and 31.205-47F5. And what Raytheon says there is because the words directly associated, directly associated costs are in that cost principle itself, then the directly associated costs are expressly unallowable. We would submit that that argument undercuts their lead argument that the word salary or the word compensation had to be in 31.205-22. It didn't have to be there. And because if the language directly associated is sufficient to make a cost expressly unallowable, we agree with Raytheon, that language is sufficient. And similarly, the language cost associated is also sufficient to make a cost item expressly unallowable under 31.205-22A. And the other argument that Raytheon is making is based on 42.709-1A1. And what it's saying there is that in order for us to be able to impose a penalty, the cost principle has to be located in section 31.205. Now, what the board pointed out was that the regulation doesn't say that. What the board also pointed out is that under the FAR, the way you interpret the FAR is you read the cost principles together. And this is stated in 31.204-A. And it says that the allowability is determined by the cost principles contained in 31.201, 31.202, 31.203, and 31.205. So, so too, the question as to whether a cost is expressly unallowable also has to be made reading the cost principles together. Okay, anything further? I'd just like to point out that there's a misstatement of a holding in the reply brief. There's a misstatement of the holding in the General Dynamics case. In the General Dynamics case, which is stated in the reply brief, it stated Raytheon's making the argument. In that case, the board found that there was an expressly unallowable cost, but it wasn't subject to a penalty. That's not actually the holding of the General Dynamics case on that point. In the General Dynamics case, it addressed the Frigid Temp costs. And what the board said there was that it appeared that those Frigid Temp costs were expressly unallowable, but then it said, quote, the 3% exclusion had the effect of removing the Frigid Temp costs from the cost proposal. So the costs that were at issue were not even in the proposal. Government never paid them. You couldn't charge them with a penalty. We would also close by stating that this case is exactly why the penalties were adopted. Congress was concerned that contractors were not purging out the expressly unallowable costs from their cost pool, that the DCA auditors then had to pour through the accounting records and try to ferret out these unallowable costs. A lobbying salary cost could masquerade as a consultant's cost and not be purged from a cost pool. If the court were to find in this case that lobbying salary costs, which are exactly the cost, the labor cost of these activities, that they are not an expressly allowable cost and that they are not subject to penalties, then Congress's purpose is entirely undercut. And I just want to make a minor point because of all the emphasis on campaign finance and making donations. If you look at the provision for campaign finance, which is 31.205-22A1, it doesn't just cover donations. It covers in-kind contributions. So if Raytheon's lobbyists give their services, their time, their man-hours to political campaigns, trying to affect elections, that's all expressly unallowable under the standard. If the court has... Okay, thank you. Thank you, Your Honor. Ms. Manners? Your Honor, the difference between the expressly unallowable costs and the directly associated costs is the difference in the accounting treatment. And I think that actually answers the question and points up the flaw in the government's argument. The expressly unallowable costs, regardless of the dollar amount, have to be specifically identified and excluded. So if you make a campaign contribution, if you pay a paid lobbyist, that cost has to be specifically identified and excluded. That's not what happened here with these salary costs. They didn't specifically identify any particular salary costs. They used the good faith estimates that they use under the Lobbying Disclosure Act. They came up with a fraction that they applied to the entire cost of this department. So there's no single dollar applied to any one of these individuals that's been specifically identified. Instead, they were treated as directly associated costs. So that's the difference between the two types of costs, and that's the mistake that the board made. The government's argument based on the legislative history is the old statute, when the standard used to be clear and convincing evidence. That was changed, and what's in 10 U.S.C. 23-24 is different. And in fact, if you read the law review articles, in effect at the time, it was a kinder, gentler version of the penalty statute. And that is that it had to be expressly unallowable under one of these cost principles that describes specific selected items of cost. The only cost principles that do that are the ones in 31-205. The other point is that the cost principle itself used to include the language, the applicable portion of salary. That was specifically taken out of the cost principle in 1984. So if you look at the 1983 version- You can hardly contend that salaries are allowable if they were for lobbying. Your Honor, the argument is not whether they're allowable and unallowable. That's exactly the argument that the government's making that's just wrong. The difference is whether they are unallowable versus expressly unallowable. The statute itself clearly makes that distinction between paragraph A, which says if it violates a cost principle, it's unallowable. That's fine. Paragraph B says if it's expressly unallowable under one of these cost principles that defines specific selected items of cost, then it's subject to penalties. That's a critical difference. I think we're out of time. All right, thank you. Thank you, Ms. Madoff. Thank both counsel. The case is submitted.